# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMSAN SUON,<br><br>        Petitioner,<br><br>TOM CAREY,<br><br>        Respondent. | CASE NO. CV-F-03-6201 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

On October 14, 1998, in the Stanislaus County Superior Court, a jury convicted Petitioner of for attempted murder (Cal. Penal Code § 664/187). Petitioner was sentenced to an indeterminate term of forty-five years to life. The court further imposed twenty-six consecutive years for enhancements as follows: ten years pursuant to California Penal Code section 12022.5 (use of firearm), five years pursuant to California Penal Code section 12022.7 (great bodily injury), two five-year terms pursuant to California Penal Code section 667(a) (serious prior felony conviction), and a one year term pursuant to California Penal Code section 667.5(b) (prison prior).

Petitioner filed a timely notice of appeal. On January 12, 2001, the California Court of

Appeal for the Fifth Appellate District ("Court of Appeal") reversed Petitioner's conviction on count IV, unlawful possession of a firearm after having been convicted of a felony in violation of Penal Code section 12021(a). The Court of Appeal struck the one-year enhancement imposed pursuant to Penal Code section 667.5(b), the finding that Petitioner's juvenile burglary adjudication is a serious felony with the meaning of Penal Code section 667(d), and the five-year enhancement imposed pursuant to Penal Code section 667(a). The Court of Appeal also modified the base term on count 1 to a term of 30 years to life.

Petitioner filed a petition for review in the California Supreme Court. On March 28, 2001, the court denied the petition.

Petitioner then began the collateral review process, which included seven petitions for writ of habeas corpus filed at the state level. On August 30, 2001, Petitioner filed a petition for writ of habeas corpus in the Stanislaus County Superior Court. The petition was denied on September 7, 2001.

On September 24, 2001, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal. The petition was denied on October 11, 2001.

On October 29, 2001, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petition was denied on October 11, 2001.

On December 3, 2002, Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. The petition was denied on July 9, 2003.

On September 8, 2003, Petitioner filed the instant federal petition for writ of habeas corpus.

## FACTUAL BACKGROUND

The court finds the Court of Appeal correctly summarized the facts in its January 12, 2001 opinion. Thus, the court adopts the factual recitations set forth by the Court of Appeal.

## STANDARD OF REVIEW

A. JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.

2

1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on September 8, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

B.  STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,

that application must be objectively unreasonable." Id. (citations omitted).

If the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.

Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. § 2254(b)(C).

## DISCUSSION

Jury Instruction on Brandishing a Firearm

Petitioner contends that his right to due process was violated when the trial court refused to instruct the jury on the offense of brandishing a firearm, which he asserts is a lesser included offense of assault with a deadly weapon, the offense with which Petitioner was charged. Petitioner previously presented this claim to the California Supreme Court in his petition filed December 3, 2002. This petition was denied by the court on July 9, 2003, with citations to In re Clark, 5 Cal.4th 750 (1993), In re Swain 34 Cal.2d 3000 (1949), In re Lindley 29 Cal.2d 709 (1947), In re Dixon, 41 Cal.2d 756 (1953), and In re Miller, 17 Cal.2d 734 (1941). Respondent does not argue that this contention is procedurally barred, but rather opposes the contention on the merits.

The United States Supreme Court has held that the failure to instruct on a lesser included offense in a capital case is constitutional error if there was evidence to support the instruction. Beck v. Alabama, 447 U.S. 625, 638 (1980). In a noncapital case, the failure of a trial court to instruct sua sponte on lesser included offenses does not present a federal constitutional question. Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir. 1998); Turner v. Marshall, 63 F.3d 807, 813 (9th Cir.1995), *overruled on other grounds* by Tolbert v Page, 182 F.3d 677 (9th Cir.1999) (*en banc*) (finding the application of Beck to noncapital cases barred by Teague v. Lane, 498 U.S. 288, 299-300, 109 S.Ct. 1060, 1069 (1989)); James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (*per curiam*). However, a defendant may suffer a due process violation if the court's failure to give a requested instruction prevents a defendant from presenting his theory of the case. Bashor v. Risley, 730 F.2d 1228, 1240

(9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984); see, also, United States v. Mason, 902 F.2d 1434, 438 (9th Cir.1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence.").

In the present case, Petitioner does not claim that he requested, or that the trial court refused to give, an instruction on brandishing a firearm. Thus, the court finds that this case is controlled by the general rule the failure of a trial court to instruct sua sponte on lesser included offenses does not present a federal constitutional question. Further, the court notes that as Respondent argues, Petitioner cannot show prejudice because he was not convicted of the count (assault with a deadly weapon) on which he claims he should have received the instruction. Accordingly, the court finds that Petitioner's contention lacks merit and presents no basis for habeas corpus relief.

Jury Instruction on Voluntary Intoxication

Petitioner contends that his counsel requested a jury instruction on voluntary intoxication and that the trial court erred in not giving such an instruction. Petitioner claims that evidence was presented that he was drinking prior to the incident and that this evidence supported the giving of the requested instruction. Petitioner argues that the evidence of his drinking was relevant to his ability to form the specific intent necessary to support his conviction of attempted murder.

In response, Respondent argues that Petitioner has failed to show that the failure of the trial court to give the instruction was prejudicial or that the evidence warranted such an instruction.

As a preliminary matter, the court notes that an allegation that a jury instruction is incorrect under state law does not form a basis for federal habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."). Rather, a habeas court must consider "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process' ... not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730 (1977) (*quoting* Cupp v. Naughten, 414 U.S. 141, 146-47, 94 S.Ct. 396 (1973)); California v. Roy, 519 U.S. 2, 5, 117 S.Ct. 337, 338 (1996) (challenge in habeas to the trial court's jury instructions is reviewed under the standard in Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) - whether the error had a substantial and injurious effect

or influence in determining the jury's verdict.).  The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id.  Moreover, a Petitioner whose claim involves the *omission* of an instruction "bears an especially heavy burden," because an omission is less likely to be prejudicial than a misstatement of the law.  Reynolds v. Maddock, 1999 WL 354366, *3 (N.D. Cal. 1999).

In this case, Petitioner presented this claim to the Court of Appeal on his direct appeal.  The Court of Appeal held as follows:

> Appellant next asserts the court erred in not giving requested instructions on voluntary intoxication.  This contention warrants little discussion.
> A party is not entitled to an instruction on a theory for which there is no supporting evidence.  (*People v. Memro* (1995) 11 Cal.4th 786, 869.)  Assuming appellant had requested instructions on voluntary intoxication, appellant points to no evidence in the record that he was intoxicated at the time of the offense or that his consumption of alcohol affected his mental state.  The court did not err.  (See *People v. Horton* (1995) 11 Cal.4th 1068, 1118-1119.)

Unpublished Opinion in case number F032036, 15.  The California Supreme Court denied Petitioner's petition for review, thus the Court of Appeal's opinion is the last reasoned opinion on the issue.

In his present petition, the only evidence Petitioner points to is evidence that he was drinking during the day of the incident.  He provides no citation to evidence presented at trial that he was intoxicated or that his mental state was affected by his drinking.  The court must find, therefore, that Petitioner has not demonstrated that the trial court erred in not giving an instruction on voluntary intoxication.  Thus, Petitioner has failed to carry his burden on showing that the Court of Appeal's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Therefore, this contention presents no basis for habeas corpus relief.

Prosecutorial Misconduct

Petitioner contends that he was the subject of selective prosecution based solely on his race.

Petitioner states that during cross-examination of Detective Brocchini, the prosecution's gang expert, Petitioner's trial counsel asked specific questions concerning Brocchini's motives for prosecuting Petitioner, and during the question, the Detective opined that Petitioner was guilty. Petitioner now argues that the prejudice that resulted from the jury hearing Detective Brocchini's opinion was not curable and resulted in Petitioner receiving an unfair trial. Petitioner previously presented this argument to the California Supreme Court in his petition for writ of habeas corpus which was denied with citations to Clark, Swain, Lindley, Dixon, Waltreus, and Miller. Respondent does not argue that this claim is procedurally barred but rather addresses claim on the merits.

Petitioner raised the issue of Detective Brocchini's statement on direct appeal, arguing that the trial court had erred in denying his motion for a mistrial based on the jury hearing Detective Brocchini's statement. The Court of Appeal explained as follows regarding the facts:

During defense counsel's cross-examination of Brocchini, the following transpired:

> Q. So it would be fair to describe you as part of the prosecution's team in this case?
> A. I don't - - no. I think I'm more of an assistant to the prosecutor in this case.
> Q. And your role as the prosecutor's assistant is, of course, to obtain a conviction in this case, if at all possible; right?
> A. No. I think our role is that the truth be given to the jury, and they will make a decision on whether there is a conviction or not a conviction.
> Q. But it's correct, is it not, that obtaining a conviction in this case is your preference?
> A. Well, it's correct in saying that my goal in this case - - if you're asking me my opinion, he's guilty, and my goal is proving - - to prove it to the these people."

Defense counsel objected on the grounds that "that is improper testimony." Counsel requested the answer be stricken. The prosecutor argued "she's opened the door. She asked him to go into this area. He didn't have to do it, but she set him up to say it."
The court sustained counsel's objection. "The objection is sustained and the answer is stricken about the officer's opinion as to whether or not Mr. Suon is guilty."
After the noon recess and out of the jury's presence, appellant moved for a mistrial "[b]ased on the officer's outburst this morning during the course of cross-examination." The court denied the motion.

> "I'm going to deny that motion. I don't think it was an outburst. The officer responded not quite responsively. The Court did grant you - - sustain your objection and directed that the answer be stricken as nonresponsive. [¶] I think even if it was a nonresponsive answer, although the questions you were putting to him did not make it prejudicially or contemptuously nonresponsive, and I would think that the officer's comment, although it would be error if the Court failed to grant the motion, it was harmless error. Obviously, the jurors don't think the officer is up here testifying thinking that you client is innocent."

8

Unpublished Opinion in case number F032036, 13 - 14.

Petitioner now argues that he was subjected to selective prosecution because Detective Brocchini stated that it was his goal to prove that Petitioner was guilty. Petitioner argues that it is not a witness's responsibility to prove innocence or guilt, rather, this is the responsibility of the prosecutor.

In United States v. Armstrong, 517 U.S. 456, 464 (1996), the Supreme Court explained that in regard to prosecutors, "'[t]he presumption of regularity supports" their prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926)." The Court further explained:

> The requirements for a selective-prosecution claim draw on "ordinary equal protection standards." Id., at 608, 105 S.Ct., at 1531. The claimant must demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." Ibid.; accord, Oyler, supra, at 456, 82 S.Ct., at 506. To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted.

Armstrong, 517 U.S. at 465.

In the present case, Petitioner claims that he was singled out for prosecution based on his race. Petitioner claims that this is demonstrated by the statements of Detective Brocchini set forth above. The court finds, as Respondent argues, that Petitioner has failed to show that Detective Brocchini or the prosecutor were motivated by Petitioner's race in investigating or prosecuting the case against Petitioner. Petitioner does not dispute that the evidence showed that he was the only one who shot the victim in a gang-related altercation. The court finds, therefore, that there is no merit to Petitioner's claim and that it provides no basis for habeas corpus relief.

Sufficiency of Evidence as to Attempted Murder Conviction

Petitioner contends that there was insufficient evidence to support his conviction of attempted murder. Specifically, Petitioner argues that "it was never distinguished who fired the shots," and that he therefore cannot be found guilty of attempted murder. He also argues that the prosecution based its case against him on implied malice and that this is insufficient to support the

conviction.  Finally, he argues that he was intoxicated at the time of the incident and therefore incapable of forming the requisite specific intent.  Petitioner previously presented this argument to the California Supreme Court in his petition for writ of habeas corpus which was denied with citations to Clark, Swain, Lindley, Dixon, Waltreus, and Miller.  Respondent does not argue that this claim is procedurally barred but addresses the claim on the merits.

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.  Id. at 324 n. 16.

In this case, evidence was presented that Petitioner stated he was going to shoot and kill his victim.  He then shot the victim in the neck, after which he stood over his victim and told him he deserved it.  As Respondent argues, this is clearly sufficient evidence to support the jury's finding that Petitioner had the specific intent required to support a conviction of attempted murder.  The court must conclude, therefore, that this contention presents no basis for habeas corpus relief.

Qualification of Detective Brocchini as Expert

Petitioner contends that Detective Brocchini, the prosecution's gang expert, was not qualified to testify as such an expert, and that the trial court erred in allowing Detective Brocchini to testify as such an expert.  Further, he claims that the trial court never made an express ruling as to whether Detective Brocchini was qualified as an expert on gangs, which was an abuse of discretion and deprived Petitioner of due process.  Petitioner previously presented this argument to the California Supreme Court in his petition for writ of habeas corpus which was denied with citations to Clark, Swain, Lindley, Dixon, Waltreus, and Miller.  Respondent does not argue that this claim is procedurally barred.

Under California Evidence Code Section 720(a), "[a] person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates."  Whether an expert is qualified is left to

the discretion of the trial judge. People v. Catlin, 26 Cal.4th 81, 131 (2001).

Evidence was presented at trial that Detective Brocchini is a detective for the Modesto Police Department, had received eight hours training in criminal street gangs, and worked as a gang officer. After hearing Detective Brocchini's training and experience, the trial court held he could testify regarding his opinion on whether Petitioner committed his crimes for the benefit of a street gang, but not regarding his opinion on whether Petitioner had the required intent. Thus, as Respondent argues, the trial court did rule on whether Detective Brocchini could testify as an expert. The court finds that Petitioner has not demonstrated that the trial court abused its discretion in allowing Detective Brocchini to testify as an expert to this extent. The court concludes, therefore, that Petitioner's contention is without merit and provides no basis for habeas corpus relief.

Sufficiency of Evidence as to Gang Enhancement

Petitioner contends that there was insufficient evidence presented at trial to support the guilt finding on the gang enhancement. He relatedly contends that the trial court erred in not defining "criminal street gang" and "pattern of criminal gang activity" for the jury, and complains that the trial court did not give a unanimity instruction as to the criminal street gang enhancement. Petitioner previously presented these arguments to the California Supreme Court in his petition for writ of habeas corpus which was denied with citations to Clark, Swain, Lindley, Dixon, Waltreus, and Miller. Respondent does not argue that this claim is procedurally barred.

As Respondent argues, Petitioner does not specify how or why a unanimity instruction was required. It is well-settled that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir.1994). Further, contrary to Respondent's claim, the terms "criminal street gang" and "pattern of criminal gang activity" were defined and given to the jury.

Furthermore, the court finds that sufficient evidence was presented to show that Petitioner was an active member of the gang, including Petitioner's own admissions to law enforcement that he was a member of the Westside Gangster Crips ,or Modesto Hit Squad, and testimony that Petitioner was seen wearing clothing associated with that gang, was seen flashing hand signs associated with that gang, was investigated for crimes committed for the benefit of that gang, and associated with

11

known members of that gang. Similarly, there was sufficient evidence presented to show that the Modesto Hit Squad had, as one of its primary activities, the commission of one or more criminal activities enumerated in Penal Code Section 186.22. Specifically, Detective Brocchini testified that the Modesto Hit Squad was a hotbed of drug sales, and that it protected its turf through, among other things, murder. See Penal Code Section 186.22(e)(3) and (4). The court must conclude, therefore, that this contention is without merit and thus presents no basis for habeas corpus relief.

Cumulative Error

Petitioner contends that relief is warranted based on Cumulative error, presenting a list of alleged violations. Petitioner does not support any of these alleged violations with specific facts and such broad, unsupported allegations are completely insufficient to support habeas corpus relief. See Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (petitioners must state specific, particularized facts which entitle them to habeas corpus relief on each ground specified).

Correctness of Sentence

Petitioner contends that he was wrongly sentenced. He argues that he should have been sentenced under count 1 based on the sentence for attempted murder. Petitioner previously presented these arguments to the California Supreme Court in his petition for writ of habeas corpus which was denied with citations to Clark, Swain, Lindley, Dixon, Waltreus, and Miller. Respondent does not argue that this claim is procedurally barred.

On Petitioner's direct appeal, the Court of Appeal modified his sentence. The Court of Appeal struck count IV, which was a one-year firearm enhancement, and also struck a prior felony enhancement which added a five-year enhancement, and added to the base term as a "strike." The Court of Appeal also modified Petitioner's sentence on count 1 to 30 years to life. Petitioner now argues that the substantive offense on count 1 should have been changed to attempted voluntary manslaughter. Unpublished Opinion in case number F032036, 15 - 16. Petitioner provides no explanation for his assertion that he was wrongly sentenced for count 1 and nothing in the Court of Appeal's decision supports his assertion. This court must conclude, therefore, that Petitioner's contention lacks merit and provides no basis for habeas corpus relief.

//

<u>Vindictive Prosecution</u>

Petitioner contends that he was the subject of vindictive prosecution because the prosecutor increased the charges against him when Petitioner asserted his right to go to trial. Petitioner also claims that the filing of the original indictment supports his claim of vindictive prosecution, because he was singled out for prosecution as a gang member. Finally, he also claims that charging him with attempted murder instead of attempted voluntary manslaughter establishes vindictive prosecution.

Petitioner does not explain what charges were added or changed when he decided to go to trial. Nothing in the Court of Appeal's opinion indicates that any such changes were made. Further, Petitioner has not shown how the prosecutor's decision to prosecute him and to charge him with premeditated attempted murder was anything but a reasonable exercise of prosecutorial discretion under the circumstances.

Based on the foregoing, THE COURT HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 24, 2006**                                    **/s/  William M. Wunderlich**
mmkd34                                                                  UNITED STATES MAGISTRATE JUDGE