# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAMSAN SUON,** ) | CV F 03-6201 AWI WMW HC |
| ) | |
| Petitioner, ) | **ORDER DENYING CERTIFICATE** |
| ) | **OF APPEALABILITY** |
| v. ) | |
| ) | (Document #21) |
| **TOM CAREY,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. On March 24, 2006 24, 2006, the Magistrate Judge filed Findings and Recommendations that recommended Petitioner's petition for writ of habeas corpus be denied. On July 24, 2006, the court adopted the Findings and Recommendations and denied the petition. Judgement was entered the same day. On August 15, 2006, Petitioner filed a notice of appeal. Because Petitioner filed a notice of appeal, the Clerk of the Court forwarded the notice of appeal to the undersigned to determine if a certificate of appealability was warranted.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute for certificates of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity

of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In this case, the court finds reasonable jurists would not disagree with the court's finding that Petitioner has failed to meet his burden to show that the state court's rulings on his claims (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .  or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).  Accordingly, the court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:     September 19, 2006**               **/s/ Anthony W. Ishii**
0m8i78                                       UNITED STATES DISTRICT JUDGE

2